# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT B. SURLES,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 60324-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:08-CR-345-CC-AJB-3** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:12-CV-3510-CC-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Robert B. Surles, confined in the Federal Prison Camp in Yankton, South Dakota, submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:08-cr-345-CC-AJB-3. [Doc. 218.][1] The undersigned allowed Movant to file three amendments and supplements to his § 2255 motion. [Docs. 222, 224, 229; *see also* Docs. 226, 230.] The undersigned also allowed Movant to submit a fourth supplement, and Movant has done so. [Doc. 234; *see also* Doc. 230.] Accordingly, Movant's fourth motion to supplement, [Doc. 234], is **GRANTED**.

The Government filed a response in opposition to the § 2255 motion and four

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:08-cr-345-CC-AJB-3.

amendments and supplements, [Doc. 236], and Movant filed a reply, [Doc. 240]. Movant later submitted a fifth motion to supplement. [Doc. 254.] The undersigned previously warned Movant that any attempt to supplement his § 2255 motion a fifth time would not be granted as a matter of course. [Doc. 230 at 1-2.] Movant has not shown good cause for the submission of his fifth supplement. Accordingly, Movant's fifth motion to supplement, [Doc. 254], is **DENIED**.

For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 218], as amended and supplemented, [*see* Docs. 222, 224, 229, 234], be **DENIED**.

## I.   Background

In summer 2003, a private corrections company contracted with a construction company to build a facility for approximately $13 million. [Doc. 236 at 4.] The payment was to be placed in an escrow account until the facility was completed. [*Id.*] The construction company then hired Movant to obtain a construction loan. [*Id.* at 5.] Movant contacted Howard A. Sperling, who in turn contacted Edgar J. Beaudreault, Jr. [*Id.*] Movant ultimately informed the construction company that Beaudreault would provide a construction loan, but no such loan actually existed. [*Id.* at 6.] Beaudreault then caused the corrections company to wire its $13 million to an account that he

2

controlled instead of an escrow account. [*Id.* at 6-7.] Movant improperly received $605,000 from the corrections company's funds, and Sperling improperly received $5 million. [*Id.* at 7-8.]

On August 26, 2008, a federal grand jury indicted Movant, Sperling, and Beaudreault. [Doc. 1.] Movant was charged with the following offenses: (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (count one); and (2) wire fraud, in violation of 18 U.S.C. §§ 2 & 1343 (counts two through twenty-one). [*Id.*] On February 19, 2010, a jury found Movant guilty on counts one, three through five, seven, and ten through twenty. [Doc. 136.] The jury found Movant not guilty on counts two, six, eight, nine, and twenty-one. [*Id.*] On June 22, 2010, the District Court sentenced Movant to 120 months imprisonment, followed by three years supervised release. [Doc. 171.]

Movant appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on April 21, 2011. *See United States v. Surles*, 424 Fed. Appx. 834, 835 (11th Cir. Apr. 21, 2011) (per curiam). [Doc. 213.] The United States Supreme Court denied certiorari on October 3, 2011. [Doc. 218 at 2.] Movant executed his § 2255 motion on September 29, 2012. [*Id.* at 13.] The Government does not dispute that the § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f).

3

AO 72A
(Rev.8/8
2)

**II.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)$^2$). The Court must conduct an evidentiary hearing unless "the

---

   $^2$    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

As the undersigned will explain below, an evidentiary hearing is not needed because the § 2255 motion, the four amendments and supplements, and the record in this case conclusively show that Movant is entitled to no relief.

## III.  Discussion

Movant asserts the following grounds for relief in his § 2255 motion and four amendments and supplements: (1) counsel provided ineffective assistance at trial and on appeal (grounds one through five and seven); (2) Movant was improperly sentenced (ground six); (3) the Government committed misconduct (ground eight); and (4) the District Court and the Government constructively amended the indictment through the jury instructions (ground nine). [Doc. 218 at 4-9, 14-34; Docs. 222, 224; Doc. 229 at 3-11; Doc. 234.]

### A. Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285-89 (2000) (applying *Strickland* to claims of ineffective assistance of appellate counsel). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

AO 72A
(Rev.8/82)

### 1.  Ground One

Movant claims that counsel should have moved to dismiss the indictment or remove its references to Sperling and Beaudreault. [Doc. 218 at 14.] However, as the Government correctly points out, the indictment was not defective. [Doc. 236 at 36-40.] Therefore, counsel could not have performed deficiently by failing to challenge the indictment. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam).

Movant also claims that counsel improperly failed to (1) prepare Movant to testify, (2) call certain witnesses, and (3) create and present a chart. [Doc. 218 at 15.] The Government correctly explains that Movant's testimony shows that he was adequately prepared. [Doc. 236 at 46-48.] Movant's adequate preparation was reflected in the persuasiveness of his testimony, as the jury acquitted him on five counts. [*Id.* at 48.] As to uncalled witnesses,

> [c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. . . . The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel.

*Rizo v. United States*, 446 Fed. Appx. 264, 265-66 (11th Cir. Nov. 15, 2011)

7

(per curiam) (citations and internal quotation marks omitted). The presentation of demonstrative evidence is similarly a matter of trial strategy. The undersigned concludes that Movant has not shown ineffective assistance based upon counsel's preparation of Movant to testify and decisions regarding witnesses and a chart.

**2.   Ground Two**

Movant claims that counsel improperly failed to (1) present adequate opening and closing statements, (2) examine witnesses effectively, (3) advocate for favorable jury instructions, (4) make unspecified objections, (5) submit a written memorandum in support of his motion for judgment of acquittal to the District Court, and (6) submit a "preliminary memorandum" to the probation officer. [Doc. 218 at 16-21.]

All of the foregoing issues concern trial strategy. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam) ("[D]eference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage."); *Hunt v. Nuth*, 57 F.3d 1327, 1332 (4th Cir. 1995) (determining that decision regarding opening statement is "fundamentally tactical"); *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) ("The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney.") (internal quotation marks omitted); *Holladay v. Haley*, 209 F.3d 1243, 1253

n.6 (11th Cir. 2000) (noting that scope of direct examination is matter of trial tactics); *Barriner v. Sec'y, Dep't of Corr.*, 604 Fed. Appx. 801, 806-07 (11th Cir. Mar. 4, 2015) (per curiam) (explaining that decision to object or "[acquiesce] in an erroneous jury instruction" is matter of trial strategy); *Lara v. United States*, Nos. 4:14-cv-8003-VEH & 4:10-cr-484-VEH-JHE, 2015 WL 5602440 at *10 (N.D. Ala. Sept. 23, 2015) (concluding that decision to make oral rather than written submission to court "falls squarely within the ambit of reasonable trial tactics").

In the present case, the Government correctly explains that counsel (1) presented adequate opening and closing statements, (2) strategically examined witnesses, (3) proposed jury instructions favorable to Movant, (4) made objections, (5) was not obligated to submit a written memorandum in support of his motion for judgment of acquittal to the District Court, and (6) was not obligated to submit a "preliminary memorandum" to the probation officer. [Doc. 236 at 49-71.] The undersigned concludes that Movant has not shown ineffective assistance based upon counsel's decisions regarding any of those issues.

### 3. **Grounds Three and Four**

Movant claims that counsel provided ineffective assistance (1) regarding the presentence investigation report, and (2) at sentencing. [Doc. 218 at 22-28.] Movant's

9

claims concern the following issues: (1) the loss and restitution amounts; (2) enhancements for obstruction of justice and sophisticated means; (3) counsel's failure to rebut the Government's depiction of Movant as untruthful; and (4) Movant's allegedly "minimal" role and personal circumstances. [*Id.*]

As to the loss amount, the Eleventh Circuit determined that the District Court's calculation was correct. *See Surles*, 424 Fed. Appx. at 835-37. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)). Accordingly, counsel could not have performed deficiently by failing to challenge the loss amount.

The Government correctly explains that Movant's claims regarding restitution and the enhancements for obstruction of justice and sophisticated means have no merit. [*See* Doc. 236 at 75-79, 81-82 (noting that "restitution is commonly imposed jointly and severally," and citing evidence of Movant's untruthfulness as well as forged financial documents).] Therefore, counsel could not have been deficient regarding those issues. *See Frederick*, 438 Fed. Appx. at 803. Because "there was ample evidence that [Movant] lied during cross-examination," Movant cannot show prejudice

10

resulting from counsel's failure to rebut the Government's depiction of him as untruthful. [*See id.* at 76-77 (noting evidence of untruthfulness cited in presentence investigation report).]

Finally, the Government explains that Movant's arguments regarding counsel's alleged failure to raise his "minimal" role and personal circumstances are factually incorrect. [*Id.* at 73-75.] The undersigned concludes that Movant has not shown ineffective assistance based upon counsel's actions (1) regarding the presentence investigation report, and (2) at sentencing.

### 4.  **Ground Five**

Movant claims that counsel improperly failed to raise the following issues on appeal: (1) the denial of his motion for judgment of acquittal; (2) the adequacy of the jury instructions; (3) the accuracy of the loss amount; (4) the applicability of the enhancement for obstruction of justice; and (5) the adequacy of the indictment. [Doc. 218 at 29-30.]

Appellate counsel in a criminal case does not have a duty to raise every nonfrivolous issue requested by the client. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for

11

review." *Id.* at 752. In the present case, all of Movant's proposed issues are weak at best. As the Government explains, (1) an appeal from the denial of the motion for judgment of acquittal would not likely have succeeded because the evidence against Movant was strong, [Doc. 236 at 85-86]; (2) "the jury instructions . . . closely follow[ed] the Eleventh Circuit's pattern jury instructions," [*id.* at 64]; (3) the Eleventh Circuit determined that the District Court correctly calculated the loss amount, *see Surles*, 424 Fed. Appx. at 835-37; (4) the enhancement for obstruction of justice applied to Movant because he lied during cross-examination, [*id.* at 76-77]; and (5) the indictment was not defective, [*id.* at 36-40]. The undersigned concludes that Movant has not shown ineffective assistance based upon counsel's omission of the above-listed issues on appeal.

### 5.     Ground Seven

As the Government points out, ground seven repeats portions of grounds one, two, and five, regarding counsel's failure to challenge the indictment at trial and on appeal. [Doc. 236 at 92-93; *see also* Doc. 218 at 33-34; Docs. 222, 224.] For the reasons previously given, Movant has not shown ineffective assistance based upon counsel's omissions. *See supra* Part III.A.1, 2, & 4.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief

12

as to grounds one through five and seven of his § 2255 motion and four amendments and supplements.

### B.     Procedurally Defaulted Grounds

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills*

*v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

In the present case, Movant raised the following issues on direct appeal:

1. The District Court improperly calculated the loss amount.

2. Movant's 120-month sentence was substantively unreasonable because Sperling received sixty-one months and Beaudreault received thirty-seven months.

*See Surles*, 424 Fed. Appx. at 835. Movant now raises the following issues in grounds six, eight, and nine of his § 2255 motion and four amendments and supplements:

Ground Six
"Movant's constitutional and statutory right to be sentenced on accurate information has been violated."

Ground Eight
The Government committed misconduct by projecting Movant's driver's license photograph on the courtroom wall throughout the trial and then adding the caption "**VILLAIN**" during closing argument.

Ground Nine
The District Court and the Government constructively amended the indictment through the jury instructions.

[Doc. 218 at 31-32; Doc. 229 at 3-11; Doc. 234.] Movant did not raise grounds six, eight, and nine on direct appeal. Movant has not shown cause for his defaults, and the

14

issue of prejudice does not need to be considered. Movant has also not presented proof of actual innocence.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds six, eight, and nine of his § 2255 motion and four amendments and supplements.

**IV.     Certificate of Appealability (COA)**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

When the district court denies a [motion to vacate, set aside, or

15

>   correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's (1) fourth motion to supplement, [Doc. 234], is **GRANTED**; and (2) fifth motion to supplement, [Doc. 254], is **DENIED**.

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 218], as amended and supplemented, [*see* Docs. 222, 224, 229, 234], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-3510-

CC-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  25th  day of January, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE