IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT B. SURLES, | : | MOTION TO VACATE |
| BOP Reg. # 60324-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-345-CC-AJB-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:12-CV-3510-CC |

**O R D E R**

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. No. 218], as amended and supplemented [Doc. Nos. 222, 224, 229, 234]; the Magistrate Judge's Final Report and Recommendation [Doc. No. 257] ("R&R") that the § 2255 motion, as amended and supplemented, be denied and a certificate of appealability be denied; Movant's objections to the R&R [Doc. No. 261]; and Movant's motion for reconsideration [Doc. No. 263].

The district court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). Portions of the R&R to which no objection is made are reviewed only for clear error. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

Movant's motion for reconsideration, in which he asks the Court to consider his objections, is due to be denied as moot because the Court previously indicated that it would consider his objections.  (Doc. No. 262 at 1; Doc. No. 263 at 1-4.)  Movant's sole objection concerns the procedural default of ground eight, in which he claimed that the Government committed misconduct by projecting his driver's license photograph on the courtroom wall throughout the trial and then adding the caption "**VILLAIN**" during closing argument.[1]  (Doc. No. 229 at 3-11; Doc. No. 257 at 13-15; Doc. No. 261 at 1-2, 7-8.)  Movant now claims that ground eight "is an issue of ineffective [assistance of] counsel."  (Doc. No. 261 at 1-2, 7-8.)

The Court does not agree with Movant.  Only grounds one through five and seven asserted ineffective assistance of counsel.  (Doc. No. 218 at 4-9, 14-30, 33-34; Doc. No. 222; Doc. No. 257 at 5-13.)  In contrast, Movant labeled ground eight as follows: "Movant's right to presumption of innocence and his right to a fair trial by jury have been usurped by prosecutorial misconduct in violation of the Fifth and Sixth Amendments."  (Doc. No. 229 at 3.)  Movant's briefing of ground eight then focused

---

[1] As the Government pointed out, Movant's counsel twice asked the jury during his opening statement to decide whether Movant was "a victim or a villain," and the Government "incorporated the word 'villain' into [its] closing statement to play off of defense counsel's opening statement."  (Doc. No. 236 at 13, 16-17.)

2

entirely on the Government's conduct. (Id. at 3-11.) Although Movant mentioned in two sentences that his counsel neither objected to the Government's conduct nor countered with photographs of Movant "teaching class" and "helping with the New Orleans hurricane relief efforts," Movant did not argue that counsel provided ineffective assistance at trial or on appeal with respect to the Government's conduct. (Id. at 3.) Therefore, ground eight cannot fairly be interpreted as a claim of ineffective assistance of counsel. Movant also failed to show that any alleged ineffective assistance of counsel on appeal constituted cause to overcome the procedural default of ground eight. (Doc. No. 229 at 3-11; Doc. No. 261 at 1-8.)

For the reasons stated above, the Court **OVERRULES** Movant's objections [Doc. No. 261]; **DENIES AS MOOT** Movant's motion for reconsideration [Doc. No. 263]; **ADOPTS** the Magistrate Judge's R&R [Doc. No. 257] as the Order and Opinion of this Court; **DENIES** Movant's § 2255 motion to vacate, set aside, or correct sentence [Doc. No. 218], as amended and supplemented [Doc. Nos. 222, 224, 229, 234]; and **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to close civil action number 1:12-cv-3510-CC.

**IT IS SO ORDERED** this 8th day of April, 2016.

> *s/ CLARENCE COOPER*
> CLARENCE COOPER
> SENIOR UNITED STATES DISTRICT JUDGE